NORTHERN DISTRICT OF TEXAS
FILED
OCT - 2 2015
CLERK, U.S. DISTRICT COURT
By ________ Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**STATE OF TEXAS,** )
**Plaintiff,** )
)
**v.** ) **No. 3:15-CV-3113-B**
)
**MARC REMENAR,** )
**Defendant.** )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

I.

Defendant filed this removal action seeking to remove three state cases pending in the 199th Judicial District Court of Collin County, Texas. The Court finds the case should be remanded.

Under 28 U.S.C. § 1441, a civil action pending in state court may be removed to the federal court "for the district or division embracing the place where such action is pending." In this case, Defendant's actions are pending in Collin County. Collin County is located in the Eastern District of Texas, Sherman Division. *See* 28 U.S.C. § 124. Defendant has therefore improperly removed this action to the United States District Court for the Northern District of Texas. If a case has been improperly removed, a district court may *sua sponte* remand the action. *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F.Supp.2d 653, 658 (E.D. Tex. 1999).

II.

The Court recommends that this action be remanded to the 199th Judicial District Court of Collin County, Texas.

Signed this 2 day of October, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).